## McWHORTER *versus* STANDIFER.

The decision of Chancery, upon the facts of a case, are conclusive against all parties, suing under the same facts, afterwards.

Interest, *under our statute, authorising its recovery by way of damages,*[a] *is substituted for damages. at Common Law.*

And, *semble*—that if in an action of debt, no damages are laid in the declaration, yet a recovery may be had of the interest.

It is not error, that in an action of debt, or assumpsit, to recover the amount of any writing, (embraced in the statutes, authorising the calculation of interest by way of damages, for the detention of money up to the time of the rendition of judgment[b]) that more interest by way of damages for the detention, is adjudged by the Court, than is demanded in the declaration : provided, it appears, that no more has been adjudged by way of interest, than is recoverable, by law, upon the debt, as shewn to be due, and unpaid, by the record.

Standifer declared in debt, as the assignee of two several promissory notes executed by the plaintiff in error, as the surety of another. On the trial, had in the Circuit Court of Lawrence, the defendant plead, in defence of the action, matters, which appeared to

---

[a] See Aikin's Dig. 269.　　　　[b] Ib. 269.

have been the grounds of a decree in Chancery, rendered before the issuance of the writ, in this action ; and which involved the fact, of the notes sued on, having been executed as a compromise of a controversy, then existing between the principal in the notes, and the assignor of the plaintiff.[a]  On demurrer, the Court below, held the plea bad, and thereupon gave judgment for the plaintiff.  The defendant having sued out a writ of error, assigned, in this Court to sustain the same, the following matters, viz :

1. That the Court below erred in sustaining the demurrer of the plaintiff to defendant's plea.

2. That the judgment rendered in the cause was for a greater amount than that laid in the declaration.

ORMOND, for Plaintiff—cited 2 *Stew't.* 225, 70.

STEWART, *contra.*

By Mr. Justice THORNTON :

This was an action of debt, on two promissory notes for $1250 each, executed by the plaintiff in error, as security for Hance McWhorter, to Izrael Standifer, assignor of the defendant in error, bearing interest from their date, which was the 16th of November, 1821.   The judgment in the Court below, was rendered on demurrer for the defendant in error, on the 3d Monday of September, 1833.   The assignment of errors, are

1. The Court erred in sustaining the demurrer to the plea of the plaintiff in error, and,

2. That the judgment is for a larger amount of damages than is laid in the declaration.

[a] See 1 Stewart, 532.

As to the first error assigned, in order to determine the propriety of the decision made below, we must take into view an agreement of record, which materially affects the question. Before the demurrer was decided, there was an agreement, that all the facts of a chancery cause, heretofore adjudicated, between the defendant in error, and Izrael Standifer, and the said Hance McWhorter, parties to the notes now sued on, should be taken as admitted in this case. The effect of this agreement, is to constitute those facts a part of the plea. Then the facts upon which the judgment of the Court was pronounced were, that Izrael Standifer who was the assignor of the present defendant in error, recovered a judgment against Hance McWhorter, for a large amount of money, in the Circuit Court of Franklin county. That before any execution issued thereon, a compromise was effected on the following terms. It was agreed, that if the defendant in that judgment would pay a certain sum of money, less than the amount of the judgment, and agree not to take any writ of error to reverse it, the assignor of the defendant in error, would not attempt to collect the same, but would enter a satisfaction of record. That in pursuance of this agreement of compromise, the two notes now sued on were executed by the plaintiff in error as security for, and with said Hance McWhorter, the defendant in the compromised judgment. That satisfaction was accordingly entered of that judgment: but that afterwards, in violation of this agreement, a writ of error was sued out to the Supreme Court. and the judgment was reversed, and rendered, for an amount greatly less, than the sum agreed to be paid at the time of the compromise. Upon this state of facts, the Court below decided, that the demurrer

was well taken; and rendered judgment for the defendant in error. This determination of the cause, was in conformity with the decree of this Court, upon the same facts, in the case of *Standifer* and *Mc Whorter*, in 1st *Stew.* 532; and although that was a chancery cause, and not between the same parties, so as to be strictly *res adjudicata quoad hoc*, yet the principles therein determined, we think, are correctly settled, and are decisive against the plaintiff in error as to his first assignment.

We will proceed to the consideration of the second assignment of error, as to the excessive damages. The action was for $2500 debt, and the damages laid in the count for the detention thereof, were $2000. The judgment on the demurrer is for the debt declared for, and $2366 damages sustained by reason of its detention. By calculation, I find that the amount of damages allowed as interest, though greater than the sum laid in the count, are somewhat less, than the amount really due. The question raised by this assignment has never been decided by this Court; and when considered, as affected by our statutes, ascertaining the amount recoverable in all cases, as damages for the detention of money, and authorising its calculation, at the fixed rate of 8 per cent. per annum, down to the rendition of judgment, may be said to be *res integra.*

It must be admitted, that the ancient rule of law, prohibits the recovery of more damages, than are laid in the declaration; and that this rule did apply, even to the action of debt, where damages were not the sole, or even the main object of the suit. When a rule or principle is clearly established by those sources from whence we derive our knowledge of the Common Law; as that Common Law is our rule and

guide of decision, where no express legislation has changed it; we must adopt it, unless upon the principles of that law itself, the refusal to apply its doctrine to any given case, can be shown to be just, and proper. It is one of the wisest maxims of that system of jurisprudence, imparting the necessary flexibility to its otherwise stern, and inexorable character, that " where the reason of the law ceases, the law itself ceases." Let us examine the reason of the doctrine, which I admit is recognised by the books, that it is error to give judgment for more damages than are demanded in the declaration. If I be not greatly deceived, the reason wholly fails, when applied to the action of debt, at this day ; at least in our State, where damages for its detention are fixed by positive law, with reference only, to the amount of the debt, and the time, from its accruing, down to the rendition of judgment; which facts, the writing which is the foundation of the action, will shew. The foundation of this doctrine is laid, in the first place upon a hypothesis, that every man who complains of an injury, best knows the extent of it ; and secondly, upon the principle, that the *probata* must correspond with the *allegata*, which hypothesis and principle, combined and followed up, result in the rule we are considering. The verdict must correspond also with the *probata*, and the judgment with the verdict. But every man best knows the extent of his damage, and having declared it, no proof shall be heard to enlarge it ; and by consequence, a judgment which is for more, has nothing to sustain it, and ought to be reversed. In all cases where the action was for damages merely, and those damages had accrued prior to the commencement of the action, the application of the rule is just. Where, however, the damages were still

accruing, beyond the time when the suit was brought, so that the party complaining could not possibly divine to what extent they might arrive before final judgment, but could only estimate what he had sustained when he preferred his complaint; and where a recovery was allowed to be had for the increasing damage, even though this damage depended upon proof, which must conform to the *allegata*, yet I find that the rule was relaxed, and made to yield to the true reason of the case.

In *Com. Dig.* 3 *v.* 351, citing 1 *Rol.* 575, 1, 10, it is said, "in detinue, the plaintiff may recover against the garnishee more damages, than were alleged in the declaration; because he recovers for delay after his declaration." The reason why there was no relaxation of the rule in the case of debt in the debit and detinue for money, was, I apprehend, that the damages for the detention, were not only mere matter of proof, but were only recoverable down to the time of commencing the action. Then, as an estimate or judgment could, in presumption of law, at least, be formed of the amount of injury or damage sustained, (for all had accrued that could be compensated,) he was held to his own declared amount; at least, that was the *maximum*, and no proof could be heard of any greater. Of course, the verdict and judgment had no foundation as for any thing beyond that point. The reason of the rule evidently was, that the party could, in the given case, form an estimate of his damage, as it all had accrued for which he could recover at the time of his complaint preferred; and therefore it was proper, not to allow any proof to be heard, to carry it beyond his own demand; for on the principle of self love, it may be safely assumed, that the estimate of ones own wrongs, does not

fall short of the point, to which impartial justice would arrive. But in the first place, the recovery of damages in the action of debt, at least, where founded as here, upon a written contract, ascertaining the amount due, &c., is no longer dependent upon any extraneous' proof whatever; no circumstances can vary them from the standard fixed by law, which is 8 per cent. per annum. So also, we have a statute authorising the recovery of interest, which is substituted for the Common Law damages for detention, down to the rendition of judgment; whereas those damages before the existence of those statutes, were supposed to have all happened before the institution of suit. Now, as the damages, or rather the substituted interest, in part, at least, depend upon circumstances not yet in existence; when the suit is brought, it is absurd to say that the party complaining, has estimated his damage, for that damage itself, to some extent, has not yet accrued. The plaintiff in debt can, by a calculation, ascertain, to be sure, the amount due when he issues his writ, but if he attempt to anticipate, it must be all guess work; and that which may be fixed at random, may well be considered as merely nominal, and formal. In accordance with this view of the subject, it is determined, that if no damages at all are laid in the declaration, in an action of debt, yet a recovery can be had of the interest. So under the Petition and Summons Act, which applies to all cases for the direct payment of money secured by bond, or note, all that is necessary, is to pray judgment for the debt, and damages for the detention of the same, without specifying any amount of damage. Interest is substituted by statute, for damages at Common Law, for the detention of the debt. They now admit of no proof, and require no

allegation, in contracts subjected to our own laws. Their omission altogether, or their statement, no matter for how much, or how little, is wholly nominal, formal, and of as little account in the balances of justice, as the appendage just below them, of *John Doe, and Richard Roe,* pledges to prosecute. We feel authorised from these views to decide, that, in the action of debt, or assumpsit, brought to recover an amount of money secured by any writing embraced in the statutes above alluded to, it is not error, if more interest by way of damages, for detention, is adjudged by the Court, than is demanded in the declaration, provided it appear that no more has been adjudged by way of interest, than is recoverable by law upon the debt, as shewn to be due, and unpaid by the record.

Let the judgment be affirmed.