William E. Montgomery *v.* Hanover National Bank.

Pleading. *Declaration. Ad damnum clause. Evidence of debt filed.* Code 1892, §§ 676, 677.

> Under code 1892, §§ 676, 677, making the evidence of debt filed with the declaration a part of the record, the *ad damnum* clause of the declaration is controlled by the evidence of debt so filed, and a judgment for the sum shown to be due by the evidence so made a part of the record will not be reversed alone because it is greater in amount than the sum demanded in the *ad damnum* clause of the declaration.

From the circuit court of Washington county.

Hon. Frank A. Montgomery, Judge.

The Hanover National Bank, appellee, was plaintiff in the court below; Montgomery, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The plaintiff's declaration alleged that on December 12, 1892, it recovered a judgment against Montgomery, the defendant, for the sum of $600, with eight per centum interest, in the circuit court of Washington county, Mississippi, said judgment being rendered in case No. 8210 on the docket of said court, "as will fully appear by a copy of the proceedings and judgment in said suit, which are filed herewith as an exhibit to this declaration, and which said judgment still remains in full force and effect, not reversed, satisfied, or otherwise vacated. Wherefore an action has accrued to plaintiff to demand and have of and from said defendant the said sum of $600, with interest thereon at the rate of eight per centum per annum from December 12, 1892. Defendant fails to pay," etc., "to the damage of said plaintiff $1,000." A transcript of the proceedings and judgment of December 12, 1892, sued on, is annexed to the declaration, and was filed with and as a part of it, and showed that in the case described a judgment by

consent was rendered for the plaintiff for $1,200, with eight per centum interest from that date until paid.   In this case defendant was properly summoned, and a judgment by default was rendered against him for $1,872.   Appellant contended, *inter alia*, that the judgment should be reversed because the judgment was for a larger amount than claimed in the *ad damnum* clause in the declaration.

*Moore & Clark*, for appellant.

The declaration seeks to recover upon a judgment for $600, and if we be mistaken in the position there was no judgment or copy of judgment whatsoever filed with the declaration, still the judgment rendered in this case was erroneous, because the suit being for the recovery on a judgment for $600, there is a fatal variance between the statement of the declaration and the proof made by the plaintiff.   The suit is for $600 only.   There is no judgment for $600 filed with the declaration, but the record found among the papers discloses a judgment for $1,200, and upon this record in a suit for $600, the court enters a judgment for something over $1,800, being an amount largely in excess of any possible recovery if the record had been in proper shape and the proper evidence had been introduced to sustain the claim made by the declaration.

The proofs must correspond with the allegations in the pleadings and the suit having been brought for $600, no amendment having been asked for, no proofs having been introduced of any judgment for $600, a judgment for a larger amount, or indeed for any amount whatsoever, would be erroneous if not void. *Wilson* v. *Railroad Co.*, 77 Miss., 714; *Cox* v. *Kyle*, 75 Miss., 667.

The recovery for the plaintiff must be confined to the allegations of his pleadings, and he cannot be permitted to ask for relief or the recovery of one judgment for $600, and in that state of the pleadings without any amendment having been asked for, recover a judgment for three times that amount.

*Green & Green,* for appellee.

Under the provisions of code 1892, §§ 676, 677, the transcript of the judgment of 1892, upon which this action was based, became a part and parcel of the declaration filed in this case, and shall be so considered for all purposes of the action. *Hamer* v. *Rigby,* 65 Miss., 44; *Insurance Co.* v. *Holmes,* 75 Miss., 401.

When, as here, the pleader makes averments which are repugnant to the terms of the instrument on which the action is based and that instrument is a part of that pleading as an exhibit, then the exhibit will control. *Mortgage Co.* v. *McManus,* 68 Ark., 263.

It is well settled that when the allegations in a pleading vary from the provisions of the instrument upon which it is founded, the provisions of such instrument control, and such allegations will be disregarded. *Stengle* v. *Boyce,* 143 Ind., 642, 646, and authorities cited; *Reynolds* v. *Louisville, etc., R'y Co.,* 143 Ind., 579, 621; *Avery* v. *Dougherty,* 102 Ind., 143; *Hinds* v. *Driver,* 100 Ind., 315, 317, and cases cited; *Deposit Co.* v. *Lackey,* 149 Ind., 14; *Ass'n* v. *Plank,* 152 Ind., 198; *Wagner* v. *Maynard,* 64 Ill. App., 244.

And we find authority where this rule has been applied in cases similar to the one at bar. *Page* v. *Carson,* 16 S. W. (Tex.), 1036 (6 Ann. Gen. Dig., 1171).

Judgment for the true amount on a note may be rendered, notwithstanding an erroneous allegation of the amount in the petition, when other parts thereof clearly show the true amount. In *Sanders* v. *Bank,* 12 S. W. (Tex.), 110 (5 Ann. Gen. Dig., 1265) it is said: "Where a petition in a suit on a note asks judgment for the amount of the note, interest, attorneys' fees, protest fees, and costs, a judgment for a certain amount following the averments of the prayer is proper, although the petition alleges a less amount as damages for nonpayment. *Kinney* v. *Young,* 25 Ala., 565.

WHITFIELD, C. J., delivered the opinion of the court.

Since the change in our statute law made by §§ 676, 677, code 1892, making the evidence of indebtedness filed as an exhibit with the declaration a part of the record for all purposes of the action, the cases of *Potter* v. *Prescott*, 2 How., 686, and *Geren* v. *Wright*, 8 Smed. & M., 361, are inapplicable. The *ad damnum* clause in the declaration will be controlled by the note, and the court will fix the amount of the judgment by it in a case of conflict between them, in cases like the present. *Hamer* v. *Rigby*, 65 Miss., 44 (3 So. Rep., 137); *Insurance Co.* v. *Holmes*, 75 Miss., 401 (23 So. Rep., 183); *Stengel* v. *Boyce*, 143 Ind., 642 (42 N. E. Rep., 905); *House* v. *Gumble*, 78 Miss., 259 (29 So. Rep., 71); 2 Enc. Pl. & Prac., 900 (*b*); *Mortgage Co.* v. *McManus* (1900), 68 Ark., 263 (58 S. W. Rep., 250); and *Kennedy* v. *Young*, 25 Ala., 565, the court in the case last cited saying: "The demand is on a promissory note, and, upon a default or *nil dicit*, it is competent for the court to render judgment without the intervention of a jury, the amount of the note, with the interest which has accrued, being the amount to be recovered. The court will look to this, rather than to the amount of damages laid in the conclusion of the declaration. If interest has been miscalculated, it must be regarded as a clerical misprision, and may be here corrected. There are some old decisions which hold that, when the recovery exceeds the damage laid in the declaration, the judgment is erroneous. See *Dinsmore* v. *Austill*, Minor, 89; *Flournoy* v. *Childress, Id.*, 93; *Derrick* v. *Jones*, 1 Stew., 18. But, although we do not find that those decisions are expressly overruled, this court, in cases like this, has frequently departed from them, and, by repeated decisions, has held that, where the principal and interest on a note constitute the sum to be recovered, the court may render judgment for the same, irrespective of the *ad damnum* clause in the declaration. See *McWhorter* v. *Standifer*, 2 Port., 519; *Elliott* v. *Smith*, 1

Ala., 74.   The earlier decisions, so far as they apply to cases like the present, must be considered as overruled.''

There is no merit in any other contention.

*Affirmed.*