## TURK *versus* SMITH & CO.

The judgment of an inferior Court, on a matter submitted for its inspection, will not be reviewed, unless a bill of exceptions, making that matter part of the case, and bringing it to the view of the appellate Court, has been regularly taken·

In the Circuit Court of Jackson, a proceeding by *scire facias* against bail, was instituted by Smith & Co. against the plaintiff in error, Turk.

The plea was *nul tiel record*—on which, after an examination of the record, in the original judgment, the Court below, decided in favor of its sufficiency, and judgment was regularly entered for the plaintiffs below.

The defendant, by writ of error, brought the case into this Court, alleging a variance between the *scire facias,* and the record of judgment on which the *scire facias* was founded : but no bill of exceptions to the judgment of the Court below was taken, either setting out the record, or showing its imperfections and variance.

S. Parsons, for Plaintiffs.

Hopkins, *contra*—*Ala. Rep.* 289—*Aik. Dig.* 51, § 8—52, § 12—53, § 16.

By Mr. Justice Hitchcock :

This is a judgment on a *scire facias*, against bail. The defendant craved oyer of the bail bond; and pleaded *nul tiel record*, and that the bond is "not such as is required by law." Judgment was rendered in the Circuit Court of Jackson county, for the plaintiffs below, and the case has been brought here by writ of error.

Various assignments have been made here, to show a variance between the *sci. fa.* and the record of the judgment in the original suit, upon which the *sci. fa.* is predicated—none of which can be noticed, as that record is not before this Court. On the plea of *nul tiel record*, the Judge below inspects the record, and gives judgment as to him may seem right; and to bring any question upon his judgment here, there must be a bill of exceptions, to make the record a part of the proceedings of the case. That not having been done, the Court here, cannot look at that record.

The second plea, as to the sufficiency of the bond, can, if viewed at all, be considered only in the light of a demurrer to the bond. The Court has looked into it with that view.

Our statute requires the sheriff, in all cases requiring bail, to take a bond in double the amount of the debt sued for, payable to himself, which he is required to assign to the plaintiff. There is no form required by statute, but all bail is declared to be special bail, and is to be proceeded against by *sci. fa.* after a return of, the *body not found*, on a *capias*.

This bond describes the suit, and sets out a condition, substantially shewing what the defendant would

be liable for—which is, for the appearance of the defendant in the original suit, at the return term of the writ, "there to do what may be by law required of him, and not to depart the Court without the leave of the Court—if so, to be void, and not else."

The Court can discover no defect in this bond; and the judgment must be affirmed.