## MURRAY v. CHARLES.

1. The clerk of a court is authorised by statute to receive of a defendant against whom a judgment is rendered by his court, the amount of the same; and this as well before as after an execution has issued.

WRIT of Error to the Circuit Court of Greene.

This was a motion to cause satisfaction of a judgment recovered by the plaintiff, against the defendant, to be entered of record and to quash the execution thereupon issued. The facts of the case are presented by a bill of exceptions, and are substantially as follows, viz: At the March Term, 1842, of the circuit court, the plaintiff recovered a judgment against the defendant, for one hundred and sixty nine 80-100 dollars, besides costs; after the court had adjourned and an execution had been made out, but before it was placed in the sheriff's hands, or had been taken from the clerk's office, the defendant paid to the *then* clerk of the court the amount of the judgment, with interest and costs, after deducting a credit to which he was entitled. After the payment thus made, the plaintiff procured an execution to be issued on the judgment and placed in the hands of the sheriff of Greene, to be levied of the goods, &c., of the defendant. Upon these facts, the court ordered the execution to be quashed, and satisfaction of the judgment to be entered, and thereupon the plaintiff excepted.

J. B. CLARK, for the plaintiff in error.
W. M. MURPHY and W. G. JONES, for the defendant.

COLLIER, C. J.—The only question presented in this case is, whether the clerk was authorised to receive the money due on the judgment so as to discharge the defendant from further liability. In Currie v. Thomas, [8 Porter's Rep. 293,] which was an action on a promissory note, the defendant pleaded that an action had been previously brought on the same note, and that he had paid the sum due thereon, to the clerk. The court held, that independent of an authority derived from a statute, money

cannot be lawfully paid to the clerk in vacation, or in any other manner than as the officer of the court in term time; and after noticing the legislative acts upon the subject, the conclusion is attained, that a payment made to him before judgment, will not discharge the debtor. In that case, the act of 1834, "to provide a more summary mode of collecting money from clerks" is cited, but as it was unnecessary, none of its provisions were particularly examined. The fifth section enacts, "that in all cases where money shall be paid to the clerk of any court, the party entitled to receive it shall have the same remedy for its recovery and the same damages for its detention, as are now provided, and allowed by law for money paid to clerks on execution, and it is hereby expressly made the duty of all clerks to receive and account for all such sums of money, as may be paid to them by either party as well after, as before the issuance of the execution." The latter part of this section seems to us very clearly to confer upon clerks the authority to receive money on judgments rendered in their courts. This is rendered more obvious, if possible, by the terms employed, which not only give the right, but injoin the receipt of the money as a duty, whether a collection had been required to be made by execution or not. The provision is too plain to admit of illustration—it fully authorised the action of the circuit court upon the defendant's motion, and the judgment is consequently affirmed.