## PATTERSON & HINSON v. BURNETT, Adm'r.

1. An objection to the revival of a suit in the name of an administrator, can not be made in this court, if not raised in the court below.
2. A mistake of the clerk in stating the parties in the minutes of the judgment entry, is a clerical misprision, amended by other parts of the record.
3. The reading to the jury of an affidavit of the loss of an instrument, and *its contents*, will not prejudice the party on error, though irregular, if the witness gave oral testimony also to the jury, of the contents of the paper.

Error to the Circuit Court of Wilcox.

Assumpsit by the intestate of the defendant against the plaintiff in error. The death of the plaintiff being suggested, the suit was revived in the name of Jonathan M. Hill, his administrator *ex officio*. At a subsequent term of the court, Samuel Burnett, sheriff, and administrator *ex officio*, was made a party plaintiff.— The entry of judgment is as follows:

Harris S. Evans v. Duncan A. W. Patterson and Atlas C. Hinson; which, after reciting the verdict of the jury, proceeds, "it is therefore considered by the court, that the plaintiff recover, &c."

From a bill of exceptions, it appears that the writ and the note upon which the suit was brought, were lost, and an affidavit of the fact of the loss, and a description of the note was made by the counsel of the plaintiff, and upon the trial the affidavit was read, as well as parol proof by the counsel who made it, of the loss, contents, and genuineness of the note. To the affidavit going to the jury, the defendant's counsel objected, but the court permitted it to be read to the jury, to which the defendant excepted.

The assignments of error present,
1. The judgment of the court.
2. The revival of the suit.
3. The admission of the affidavit as evidence.

ORMOND, J.—The case of Coopwood v. Taylor's adm'r, [7 Porter, 34,] is an authority fully in point, that the objection to the revival of the suit, cannot be made in this court, if not urged

in the court below.   In addition, it may be added that the record shows that the suit was regularly revived, first in the name of Hill, as sheriff and administrator *ex officio*, and afterwards in the name of Burnett, as his successor.

The recital of the clerk at the head of the judgment entry, is merely for the purpose of identifying the cause to which the judgment relates, and if he makes a mistake in the name of one of the parties, it does not affect it.   It is at most, a mere clerical misprision, which is amended by other parts of the record.   The judgment is in favor of the "plaintiff," who he is, is ascertained not by the declaration of the clerk, but by the record.

The note on which the suit was brought, having been lost whilst the cause was pending, the counsel for the plaintiff made affidavit of that fact, and also of the genuineness of the instrument, and filed it in the cause, apparently upon the mistaken supposition, that the act of 1828, prescribing the manner of suing on lost bonds or notes, was applicable to the case.   [Clay's Dig. 382, § 9.] That applies only to suits commenced on a lost instrument, and does not apply where it is lost, whilst the cause is progressing.   But if it did, the affidavit which the statute requires, would be evidence of nothing but the loss of the security.   If in this case the affidavit had been alone relied on as proof of the loss and contents of the note, it would be undoubtedly erroneous; but it appears that the same witness swore to the same facts orally before the jury, and although the reading of the affidavit to the jury, was irregular, we cannot perceive that the defendant could by possibility, be prejudiced by it.   It is not, therefore, such an error as will be available in this court.

Let the judgment be affirmed.