## SMITH v. REDUS AND WIFE.

1. Where the names of the parties to the suit are not fully stated upon the margin of the judgment entry, the defect is amendable by a reference to the papers in the cause, and may be considered as amended, although the amendment is not in point of fact made ; and for the purpose of informing the court that the judgment was intended to apply to the particular cause, extrinsic evidence is admissible.

2. The *prochien ami* of an infant plaintiff, in whose favor a judgment is rendered, is not authorized to receive the amount thereof and discharge the defendant.

Writ of Error to the Circuit Court of Limestone.

This was a proceeding by *scire facias*, at the suit of the defendants in error, to revive a judgment in a suit in which Elizabeth B. Wood, an infant under the age of twenty-one years, by her next friend Sampson Wood, was plaintiff, and plaintiff in error was defendant; upon an allegation that the same was in full force, and unsatisfied, and that Elizabeth B. had intermarried with Alfred H. Redus, with whom she united in prosecuting the *scire facias*.

The defendant pleaded—1. *Nul tiel record.* 2. That the judgment sought to be revived had been paid to Sampson Wood, the defendant therein, before the *scire facias*. Issue was joined upon the first plea, and the plaintiff in the *sci. fa.* demurred to the second. The court sustained the demurrer and rendered judgment on the plea of *nul tiel record* in favor of the plaintiffs.

A bill of exceptions was sealed by the presiding judge, from which it appears that the defendant objected that the record did not correspond with that described in the *scire facias*, and was insufficient to sustain the same ; *further*, that the clerk of the Circuit Court could not be permitted to testify " that the record and file" then produced, " is the file and record in this cause remaining in his office." The supposed discrepancy between the record produced, and that described in the *scire facias* is, that the statement of the

cause, upon the margin of the judgment, is, " E. B. Wood v. John N. Smith," instead of giving it the title stated above.

L. P. WALKER, for the plaintiff in error, made the following points :   1.  The plea of *nul tiel record* puts in issue the existence of the record, and oral testimony is not admissible to explain or contradict it.   He cited 1 Ala. Rep. 442 ; 1 Chitty's Plead. 521 ; 3 Ala. Rep. 526 ; Greenl. Ev. §§ 501-2; 1 Phil Ev. 317 ; 3 Id. C. & H.'s Notes, 551 ; 1 Chit. Plead. 304 ; 2 Phil. Ev. C. & H.'s Notes, 407 ; 4 Wend. Rep. 207 ; 5 Id. 276 ; 2 Wash. C. C. Rep. 422 ; 3 Id. 31 ; 1 Cranch's Rep. 282.

2.  The *prochien ami* is the plaintiff of record, the defendant is never to look further to inquire if any one else is interested ; but may pay him the amount of the judgment.   If the law were not so, the defendant might be compelled to wait until the infant plaintiff attained majority, and be charged with interest in the meantime, notwithstanding his continued readiness and anxiety to satisfy the judgment.   To this point he cited Story on Promissory Notes, §§ 375-8 : 2 Dane's Ab. 34 ; 1 Id. chap. 3 ; 1 Tidd's Prac. 114.

W. COOPER, for the defendant in error, insisted that neither of the points made by the other side are tenable.   There is no variance between the record and *sci. fa.*; the judgment may be referred to the writ and declaration, in which the cause is properly entitled ; so that the oral testimony was not necessary.   But the evidence of the clerk merely identified —did not explain or contradict the record, and was clearly admissible.

The plaintiff in error did not designate any objection in the Circuit Court, and cannot now insist upon a variance. [3 How. U. S. Rep. 515 ; 12 Johns. Rep. 496 ; 13 Id. 576 ; 14 Id. 527 ; 17 Id. 469 ; 1 Dick. Rep. 283 ; 2 Sch. & Lef. Rep. 689, 712 ; 2 Cow. Rep, 30, 50 ; 3 Id. 662.]

To shew that parol proof is admissible to identify a record, and show the conformity and application of the different parts of it, he cited 6 T. Rep. 607-8 ; 3 Wend. Rep. 27 ; 8 Id. 9 ; 10 Id. 80 ; 5 Id. 243 ; 12 Id. 506 ; 2 Yerger's Rep. 467 ; 3 Cow. Rep. 120 ; 6 Cow, Rep. 262 ; 8 Pick. Rep. 113 ; 5

Mass. Rep. 337; 7 Id. 359; 7 Johns. Rep. 22; 12 Id. 310.

A payment to the *prochien ami* did not satisfy the judgment in favor of the infant. The receipt of the money did not come within the sphere of his power or duty. [5 Porter's Rep. 388; 10 Peters Ab. 379, n.]

COLLIER; C. J.—By the act of 1807, it is enacted that no summons, writ, declaration, return, process, judgment, or other proceedings shall be abated, arrested, quashed, or reversed, for any defect, or want of form, &c.; and it shall be competent to amend "imperfections, defects, and want of form, (other than those which the party demurring shall express, &c.,) or any mistake of the christian name, or surname of either party, sum of money, quantity of merchandize, day, month, or year, in the declaration or pleading, the name, sum or quantity, or time, being right in any part of the record or proceedings." [Clay's Dig. 321, § 50 ] Here is an express authority for amending the names of parties to a judgment, so as to make the judgment conform to the writ and declaration. Now to inform the court that a judgment which *is* variant in this respect, from the preceding parts of the record, we can conceive of no objection to showing, by extrinsic proof, that it was intended to apply to a particular case. If such evidence was not admissible, the statute would be a dead letter, where the names of the parties, and the amount for which the judgment was rendered, varied from the writ or pleadings. The judgment then being amendable upon the proof made, there was no necessity to make the amendment in fact—it must according to the practice under the statutes of jeofail, be considered as perfected. [See Catlin, Peeples & Co. v. Gilder's Ex'r. 3 Ala. Rep. 536; Patterson & Hinson v. Burnett's Adm'r, 6 Ala. Rep. 844.] This view being decisive of the first point made for the plaintiff in error, we need not consider to what extent records are conclusive in themselves, or whether, and under what circumstances parol proof may be received to explain, contradict or identify them.

In Isaacs, by her next friend, v. Boyd, et al. 5 Ala. Rep. 388, it is said, that a *prochien ami,* "is not authorized to receive the amount which may be recovered by the infant, but the same should be paid over to a lawful guardian, alone, as

it might otherwise be squandered, and the infant receive no benefit." See also 10 Petersd. Ab. 579. No inconvenience or injury can result to the defendant in the judgment, from the limited powers of the next friend, although the infant may have no regular guardian. It may be considered as undoubted law in this State, that the clerk of a court is authorized by statute, to receive of a defendant, against whom a judgment is rendered in his court, the amount of the same; and this as well before as after an execution has issued. [5 Ala. Rep. 678.] The defendant then, need not be troubled to retain the money, or charged with interest, because the plaintiff is not competent to receive it; for immediately upon the rendition of a judgment, he may pay the amount to the clerk.

There is no error in the record; the judgment is consequently affirmed.