## KENNEDY & MERRITT vs. YOUNG, GUARDIAN &c.

1.  An error of the clerk, in introducing in the judgment entry the name of a stranger as guardian of the plaintiff, may be amended by reference to the declaration on file, in which plaintiff declared in his own name without the intervention of a next friend or guardian; and it therefore will be amended on error or appeal, at the costs of the appellant.
2.  The appearance of the defendant, and the withdrawal of his plea, are a waiver of any defect in the service of process, and an admission of the legal liability charged in the declaration.
3.  In assumpsit on a promissory note, if the defendant, after appearance, withdraws his plea, the court may render judgment for the amount of the note and interest thereon, without regard to the amount of damages laid in the declaration.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. GEO. D. SHORTRIDGE.

THE record in this case is very defective; it contains, 1st, a declaration in assumpsit, by John R. Chappell against Lewis Kennedy and James Merritt, on a promissory note for $275, the damages being laid at $200; 2d, an affidavit of the loss of the note on which the suit was founded, by a fire in Wetumpka; and, 3d, the judgment entry, which is as follows:

"This day came the parties, by their attorneys, and the de-

fendants, withdrawing their plea, say nothing in bar or preclusion of the plaintiff's action; it is therefore considered by the court, that said plaintiff, Bolling Young, guardian of John R. Chappell, recover of said defendants, Lewis Kennedy and James Merritt, the sum of $292 50, the damages in the declaration mentioned, together with the costs in this behalf expended," &c.

S. P. STORRS, for the appellants, assigned for error—

"1. That there is no writ.

"2. There is no note, and no sufficient accounting for the absence of the instrument sued on.

"3. The judgment is not rendered in the name of the parties set out in the declaration.

"4. The judgment exceeds the damages laid in the declaration."

He cited Elliot v. Smith, 1 Ala. 74; Dinsmore v. Austill, Minor's R. 89; Flournoy v. Childress, ib. 93; 1 Stew. 18.

ELMORE & YANCEY, contra, cited Ethridge v. Fuller, 6 Ala. 58; Patterson & Hinson v. Burnett, ib. 844; Duffee v. Pennington, 1 ib. 508; McBroom v. McBroom, 19 ib. 176; 2 Watts & S. 135.

CHILTON, C. J.—The judgment entry in this case shows that the defendants, Kennedy and Merritt, withdrew their plea, and remained undefended, saying nothing in bar or preclusion of the plaintiff's action, &c., and the court proceeded to render judgment against them for the damages in the declaration mentioned. The declaration which is in the record, and which we must regard as the one on which the judgment was predicated, is not in the name of Bolling Young as guardian of Chappell, but is filed by John R. Chappell in his own name. This is an error of the clerk in introducing the name of Young, and may be amended by recurring to the declaration, and could be amended in this court. It therefore furnishes no ground of reversal.—Patterson & Hinson v. Burnett, 6 Ala. 844; Clay's Digest, pp. 321,–2, §§ 50—54.

The appearance of the defendants, and withdrawal of their plea, is, as we have often decided, a waiver of any defect in

the service of process, and an admission of the legal liability charged and averred in the declaration ; so that, whether this suit was commenced by ordinary or extraordinary process, is not, in the aspect presented by this record, material. They were present in court, and made no objection, either as to the manner in which they were brought there, or to the plaintiff's recovery.

The demand is on a promissory note; and upon a default, or *nil dicit*, it is competent for the court to render judgment without the intervention of a jury,—the amount of the note, with the interest which has accrued, being the amount to be recovered. The court will look to this, rather than to the amount of damages laid in the conclusion of the declaration. If interest has been miscalculated, it must be regarded as a clerical misprision, and may be here corrected.

There are some old decisions which hold that, when the recovery exceeds the damage laid in the declaration, the judgment is erroneous.—See Dinsmore v. Austill, Minor's R. 89; Flournoy v. Childress, *ib.* 93; Derrick v. Jones. 1 Stew. 18. But, although we do not find that these decisions are expressly overruled, this court, in cases like this, has frequently departed from them, and by repeated decisions has held, that where the principal and interest on a note constitute the sum to be recovered, the court may render judgment for the same irrespective of the *ad damnum* clause in the declaration.— See McWhorter v. Standifer, 2 Porter 519; Elliot v. Smith & Co., 1 Ala. 74. The earlier decisions, so far as they apply to cases like the present, must be considered as overruled.

It results from what we have said, that the judgment of the Circuit Court must be here corrected, and affirmed, at the costs of the appellants.