# Basenberg *v.* Lawrence.

## *Breach of Contract.*

(Decided May 11, 1909. 49 South. 771.)

1. *Evidence; Expert Evidence.*—Where witness testified that he was not a plasterer, and that he did not know anything about plastering except from seeing other people make it, but that he furnished sand for plasterers, and that the plaster in question was made of Gate City sand which did not make good plaster, such witness was qualified to testify as to the quality of the plaster in question.

2. *Contracts.*—Where the contract sued on was not in writing and contained no sitpulations concerning mistakes in the performance of the contract, a charge asserting that in a contract for the performance of personal service requiring skill, care and diligence though the person employed stipulates that he will make good all losses occasioned by his mistakes, and does make reparation for all mistake to which his attention is called, such mistakes may nevertheless justify the employer in terminating the contract, is erroneous.

3. *Charge of Court; Request; Form.*—A request to charge that the plea of set-off entered into by defendant if the jury find defendant was damaged by plaintiff, should be in such amount as might find that he was damaged not to exceed $100.00 is unintelligible, and properly refused.

4. *Same.*—Charges asked in bulk may be refused.

5. *Same; Applicability to Pleading.*—A charge asserting that plaintiff was not suing to recover the balance due on a contract, but the amount he was damaged by being prevented from finishing the work he had contracted to do was properly refused because one count claimed for work and labor done under the contract.

6. *Appeal and Error; New Trial; Necessity for Exception.*—The denial of a motion for new trial will not be reviewed where no exception was taken to such denial.

7. *Same; Shown by Bill of Exceptions.*—Where the motion for a new trial is not set out in the bill of exceptions, the action of the court thereon cannot be reviewed.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by L. Lawrence against Fred Bassenberg. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count set out the contract by which L. Lawrence agreed to move two houses, after the manner described in the contract, and to replace all brick work in first-class condition, and to raise one of the houses two feet from the ground; the party doing the moving to furnish all material necessary to complete the job. The breach alleged is that the party of the second part stopped the party of the first part and prevented him from completing said work. The second count is for work and labor done under and by virtue of the contract.

The following charges were refused to the defendant: "(1) I charge you gentlemen of the jury, in a contract for the performance of personal services requiring skill, care, and diligence, although the person employed stipulates that he will make good losses caused by his mistake, and does make reparation for all mistakes to which his attention has been called, such mistakes may nevertheless justify the employer in putting an end to the contract. (2) I charge you, gentlemen of the jury, that the plea of set-off entered into by the defendant, if you find that he was damaged by the plaintiff, should be in such amount as you may find he was damaged, not to exceed $100. (3) I charge you, gentlemen of the jury, that the plaintiff is not suing to recover the balance due on the contract, but the amount he was damaged by being prevented from moving or finishing his work."

Mr. Thomas, the witness referred to, testified that he was not a plasterer, but he furnished sand; that the plaster under consideration was made of Gate City sand; that he did not know anything about plastering, except from seeing other people make it; and that the Gate City sand did not make good plaster.

W. T. HOWLETT, and WILLIAM CONNIFF, for appellant. —The court erred in permitting the testimony as to the

plaster, as the witness was not shown to be an expert.
—8 Ency P. & P. 775; *Warren v. Wagner*, 75 Ala. 188.
Charges should have been given.—*Burkham v. Daniels*,
56 Ala. 604.  The charge as to the plea of set-off was a
proper one.—*Crawford v. Simonton*, 7 Port. 110; *M. &
M. R. R. Co. v. Clanton*, 59 Ala. 392; *Eads v. Murphy*,
52 Ala. 526.

W. L. WARD, for appellee.—An objection comes too
late when not made until after the question was an-
swered.—*Payne v. Long*, 25 South. 780.  Counsel dis-
cusses other assignments of error, but without citation
of authority.

DENSON, J.—This cause originated in a justice
court; and from the judgment rendered by the justice,
in favor of the defendant, plaintiff appealed to the city
court.  From judgment rendered by the latter court, in
favor of the plaintiff, the defendant prosecutes this ap-
peal.

The first question presented by the assignment of
errors is the ruling of the court declining to exclude the
testimony of witness Thomas.  The motion to exclude
was without merit, because the witness' testimony did
not show, as movant assumed, that the witness "did
not know anything about plaster."  A fair construc-
tion of the testimony is, not that witness had no knowl-
edge of plaster, but that his knowledge of it was gained
from seeing others make it.  Knowledge gained in that
way may have been sufficient to qualify him as an ex-
pert in respect to the quality of the plaster.  The testi-
mony will bear the construction here placed upon it,
and must be indulged against the party taking the bill
of exceptions.

[Roach v. Cox.]

The charges requested by defendant were properly refused. The first is misleading and argumentative, and, besides, the contract sued upon is in writing, and contains no stipulations in respect to mistakes. The second of the series is unintelligible. The third charge conflicts with the second count of the complaint, added by amendment on the 6th day of April, 1907, which claims for work and labor done under the contract. Furthermore, these charges were asked in bulk.

The ruling of the court on the motion for a new trial cannot be reviewed, for the reason that it is not set out in the bill of exceptions, and no exception appears to have been taken to the action of the court on the motion.

No error appears, and the judgment appealed from is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.