# Blalack, *et al.* v. Blacksher.

## *Damage to Automobile.*

(Decided December 15, 1914.    66 South. 863.)

1. *Judgment; Nil Dicit.*—Where a defendant filed a written appearance reserving the right to demur or plead specially, but failed to plead to the complaint, plaintiff was entitled to a judgment nil dicit on proper motion.

2. *Same; Waiver of Default.*—Where a plaintiff permits the case to be tried as though the general issue had been pleaded, he cannot afterwards take advantage of the absence of a plea, although he was entitled in the first instance to judgment for want of such plea.

3. *Negligence; Contributory; Necessity of Pleading.*—Being an affirmative defense, contributory negligence must be specially pleaded with particularity, and no acts except those pleaded can be proven on the trial, or if proven, be made the basis of the verdict.

4. *Same; Willful; Contributory.*—Contributory negligence is no defense to a charge of willful or wanton conduct or negligence.

5. *Automobiles; Injuries; Burden of Proof.*—Where the action was for injury to plaintiff's automobile in a collision, plaintiff had the burden of proof on the issue whether defendant's servant was guilty of negligence or of wanton or willful conduct in the operation of defendant's car, and whether such negligence is the proximate cause of the injury.

6. *Same; Evidence.*—Where the action was for collision by defendant's automobile, operated by defendant's servant, the question of the negligence, or the wanton or willful conduct of defendant's servant, and whether a person with one foot only, as was such servant, could handle the car as efficiently as if he had two, and whether his operation of the car, and defendants putting him in charge thereof was negligence proximately producing the injury, were questions for the jury under the evidence in this case.

7. *Same.*—It was a question for the jury whether or not defendant's servant could operate the automobile as well if he were not a cripple, and hence, it was error to admit evidence from a witness that one could run a Ford car and operate the brake as effectively with the hand as with the feet.

8. *Same.*—Where a witness was present and saw plaintiff's car, such witness may testify that it made a certain track which he saw in the street, and as to the direction from which it approached, that the track showed where the chauffeur applied the brake, and as to the distance it skidded before the collision; but one who did not see the track made or the collision must state the facts to identify the track made by plaintiff's car, and it would then be for the jury to say whether it was so made.

35 CA

[Blalack, et al. v. Blacksher.]

9. *Evidence; Experts; Qualification.*—A witness whose only information was that he was an officer of the automobile company and had sold defendant the car in question, was not thereby qualified as an expert on its mechanism or mechanical operation so as to entitle him to give his opinion whether such a car could be operated as safely by one crippled in one foot as if he had the use of both.

10. *Same; Conclusiveness.*—The jury is not concluded necessarily by the opinions of expert witnesses.

11. *Damages; Evidence; Indemnity.*—The fact that defendant had a policy indemnifying him against loss by reason of the accident was immaterial to any issue presented in this case, and although it was not objected, was properly withdrawn from the jury.

12. *Appeal and Error; Harmless Error; Evidence.*—Where a witness had testified previously to the same facts, or had failed to answer the questions, error in rulings on the admissibility of testimony was either harmless or innoxious.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by C. M. Blalack and others against J. J. Blacksher, for damages for injury by an automobile. Judgment for defendants and plaintiff appeals. Reversed and remanded.

TOMPKINS & KIRKPATRICK, for appellant. The answers to interrogatories are in the exclusive control of the party taking them, and the court was in error in permitting inquiry by defendant as to interrogatories propounded by plaintiff, as the answers were the best evidence.—Sec. 4053, Code 1907; *So. Ry. v. Hubbard,* 116 Ala. 387; *Marx v. Lienkauf,* 93 Ala. 453. The witness was shown to be familiar with such things, and the court erred in not permitting it to be shown by them that the price paid for the repairs was a reasonable price.—*A. G. S. v. Moody,* 92 Ala. 279. The witness Adams was not shown to be such an expert as to qualify him to testify whether defendant's car could be operated as well by a person with one foot, as a person with two. Experiments or investigation after the accident in the absence of the other party is never almissible.—

[Blalack, et al. v. Blacksher.]

*A. G. S. v. Burgess,* 114 Ala. 587. Counsel discuss other assignments of error, but without further citation of authority.

BROOKS & CRAWFORD, for appellee. Where a witness has testified fully without objection to certain matters subsequently overruling objections to such evidence is harmless; so where a witness does not answer a question, the objection is without force.—*A. G. S. v. Frazer,* 93 Ala. 45; *Billingsley v. State,* 85 Ala. 323. Hence, the objection as to the question concerning interrogatories will not constitute reversible error. The witness was shown to know the particular car, and hence, could testify that it could be run as well by a person with one foot as by a person with two.—*A. G. S. v. Moody,* 92 Ala. 279. The testimony as to the tracks, etc., was not expert testimony, but a mere statement of facts which the witness saw and could testify to.—*L. & N. v. Willias,* 62 South. 79. The indemnity insurance against accident was not material to any issue in this case, and the court properly withdrew it from the jury.—*Watson v. Adams,* 65 South. 528; *Cramer v. Compton,* 166 Ala. 216.

BROWN, J.—This is an action of trespass on the case, by the appellants against the appellee, to recover damages to an automobile, the property of the appellants, resulting from a collision with an automobile belonging to appellee, while appellee's car was being operated by his servant or agent on a public street in the city of Mobile. The case was tried on the complaint as amended, containing five counts, some of the counts ascribing the injury to the negligence of the defendant's servant or agent in the operation of defendant's car, while others imputed the injury to the wanton or willful conduct of defendant's servant or agent.

The record shows that the defendant filed a written appearance, reserving the right to demur or plead specially, but in fact did not plead to the complaint; and the plaintiffs were entitled to have a judgment nil dicit rendered against the defendant, on proper motion.— *Grigg v. Gilmer,* 54 Ala. 430. The record shows, however, that, after the plaintiffs were allowed to amend their complaint, "issue was joined," and the case was tried and treated by the trial court and the parties as on the plea of the general issue of not guilty. Being so treated in the trial court, the appellants gain no advantage here that they would not be entitled to if the general issue had been pleaded.—*Travis v. Sloss-Sheffield S. & I. Co.,* 162 Ala. 605, 50 South. 108.

On this state of the pleadings, the insistence of the appellee that the injury complained of by the plaintiffs resulted from the negligence of plaintiffs' agent or servant does not present a material inquiry, within the issues presented by the pleadings.

"Contributory negligence is a special and affirmative defense and must be specially pleaded with particularity, and no other acts than those specially pleaded can be proved on trial, and, if proven, cannot be made the predicate for a verdict.—*So. Ry. Co. v. Shelton,* 130 Ala. 191, 34 South. 194; *Mobile Electric Co. v. Sanges,* 169 Ala. 356, 53 South. 176, Ann. Cas. 1912B, 461.

In no case can contributory negligence be set up as a defense to willful or wanton counts.

The only material inquiry under the issues formed, in view of the evidence offered, was whether or not the defendant or his servant or agent was guilty of negligence or willful or wanton conduct in the operation and management of the defendant's car, and, if so, whether or not such negligence or willful or wanton conduct was the proximate cause of the injury com-

plained of; and on this issue the affirmative and bur-
den of proof was with plaintiffs. If the affirmative of
this issue is established by the evidence to the reason-
able satisfaction of the jury, the question as to any
negligence on the part of the plaintiffs' agent or serv-
ant was clearly immaterial, and was likewise immate-
rial if the affirmative of this issue was not so establish-
ed. In other words, if the defendant's agent or serv-
ant was not guilty of negligence or of willful or wan-
ton injury, as charged in the complaint, the defendant
was not liable, whether the plaintiffs' agent or servant
was guilty of negligence or not.

The evidence shows that while the plaintiffs' car in
charge of their chauffeur, Ewing Brown, was proceed-
ing east along Dauphin street near the head of North
Hallett Street, in the city of Mobile, the car of the
plaintiffs swerved toward the north side of the street
to pass some teams, and here collided with the defend-
ant's car, which was going west on the north side of
Dauphin street; the front end of defendant's car ram-
ming the left side of the plaintiffs' car, tearing off one of
the wheels, breaking or bending the spindle of one of the
axles, and otherwise injuring the car. There was evi-
dence tending to show that the accident occurred in the
daytime, when the streets were crowded with teams and
people; that Dauphin street was a narrow thorough-
fare; that there were two street car tracks, one on either
side of the center of Dauphin street; and that the plain-
tiffs' car, in passing the team, was proceeding along the
track situated on the south side of the center of the
street. There was also evidence tending to show that
the defendant's chauffeur was crippled; that he had to
use a crutch, and, from some tendencies of the evidence,
the jury might have inferred that he had only one foot.
The evidence was in irreconcilable conflict as to the

speed of the two cars; the evidence on the part of the plaintiffs tending to show that the defendant's car was running anywhere from 15 to 40 miles an hour, and that the plaintiffs' car was running from 5 to 15 miles an hour, while that on the part of the defendant tended to show that the plaintiffs' car was running from 15 to 40 miles an hour, and that the defendant's car had not attained a speed in excess of 15 miles an hour. The evidence also tended to show that the chauffeurs had each had some experience in running their respective cars in the city of Mobile and were familiar with the conditions on these streets.

On this state of the evidence, the determination of the issues presented by the counts of the complaint predicated on negligence was for the determination of the jury, and pertinent to this issue, and one of the questions the jury had to solve was whether a person, crippled as the evidence tended to show the chauffeur Rice was, could handle a car of the type in his charge (a Ford) and manipulate the brakes with his hands as efficiently in checking its speed and stopping the car as he could if he had two feet; and, if not, whether or not the act of the chauffeur in operating the car under the circumstances, and of the defendant in committing the car to his charge (he being crippled), was negligence proximately producing the injury complained of in the complaint.

As bearing upon this issue, the court allowed the witness Adams, over the timely objections of the appellants, to testify that one could run a Ford car of the kind that Rice was running at the time of the accident, and operate the brake just as effectively with the hands as with the feet. This was a question for the jury, and not the witness, and the trial court committed reversible error in allowing this testimony.—*St. Louis & San*

*Francisco R. R. Co. v. Brantley,* 168 Ala. 591, 53 South. 305; *L. & N. R. R. Co. v. Landers,* 135 Ala. 504, 33 South. 482; *Union Painless Dentists v. Dement,* 6 Ala. App. 506, 60 South. 421; *Brandon v. Progress Distilling Co.,* 167 Ala. 368, 52 South. 640.

This ruling of the court cannot be justified on the theory that the witness was an expert, and therefore qualified to give his opinion. The only evidence bearing on the question of the witness' knowledge was that he was secretary and treasurer of Adams Machinery & Manufacturing Company, an automobile business, and that he sold the defendant the car in question. After showing this, counsel for the defendant stated:

"I expect to qualify Mr. Adams as an expert on the Ford machine, and to show that a crippled man could as well stop a Ford machine as any other man."

But there was no further testimony offered that had any tendency to qualify the witness as an expert in any respect, and the fact that the witness was secretary and sales agent of the Adams Machinery & Manufacturing Company, and had sold this special car to plaintiffs, does not necessarily show that he had any expert knowledge of the mechanism or mechanical operation of the car. He is not shown to have any more knowledge of what was necessary to operate a Ford automobile, or to stop one, than the members of the jury called to try the issues in the case. A witness, to testify as an expert, must first be shown to be such, and this is a question for the court, and for the jury.—*McDonald v. Wood,* 118 Ala. 589, 24 South. 86; *Pa. Coal Co. v. Bowen,* 159 Ala. 165, 49 South. 305; *Basenberg v. Lawrence,* 160 Ala. 422, 49 South. 771; *Dilburn v. L. & N. R. R. Co.,* 156 Ala. 228, 47 South. 210.

And although a witness may, after he has been qualified as an expert, give his opinion as to matters in-

volved in the issue, the jury is not concluded by such opinion—the ultimate determination of the question is within their province.—*Braham v. State,* 143 Ala. 28, 38 South. 919.

The witness Ludlow, on his examination in chief, was allowed to testify, over the objection of plaintiffs, that the plaintiffs' car made a certain track which he saw in the street, and the direction from which the car approached, and that the track showed where plaintiffs' chauffeur applied the brake, and the distance the car had skidded before it reached the place where the collision occurred. On his examination in chief, this witness testified as though he was present and saw the car when it made the track; and on this state of the evidence the court committed no error in permitting the witness to testify; but on cross-examination it was shown that he was not present, did not see the car make the track, nor did he see the collision, and that it was his opinion that plaintiffs' car made a certain track. Thereupon plaintiffs made motion to exclude the testimony of this witness that the plaintiffs' car had made this track, and the court overruled this motion. In this there was error. The witness should have been required to state the facts, and if there was any peculiarity about the track, or any features by which it could be distinguished from any other automobile track, these facts should have been shown, and then it was the province of the jury to determine whether the track in question was made by the plaintiffs' car or by some other car.—*Pope v. State,* 174 Ala. 64, 57 South. 245.

We have examined all the other assignments of error predicated on the rulings of the trial court in the admission and exclusion of evidence, and find nothing therein that warrants discussion.

[Blalack, et al. v. Blacksher.]

Where there is any question as to the admissibility of the evidence, we find, upon inspection of the record, that the witness had previously testified to the same facts, which were not excluded, or had failed to answer the question, thereby rendering the objection innoxious.

It was brought out on the cross-examination of the defendant, while he was testifying in his own behalf, without objection, that he had an insurance policy that indemnified him against any loss by reason of this accident, and, at the request of the defendant in writing, the court charged the jury that the fact of such indemnity should not be considered by them in reaching a verdict in the case. The evidence brought out on cross-examination of the defendant was clearly immaterial to any issue in the case; and, while there was no objection to it, the court very properly instructed the jury that they should not consider the fact of such indemnity in reaching their verdict.—*Watson v. Adams*, 65 South. 528.

The ruling of the court in admitting the evidence of the witnesses Adams and Ludlow, which we have heretofore discussed, and held to be error, was made the basis of some of the grounds of the motion for a new trial; and on these grounds the court should have granted the motion for a new trial.

For the errors pointed out, the judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.