(94 South. 525)

**ORY–COHEN v. TAYLOR.** (8 Div. 486.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

1. Partnership ⬥⬥219(1) — Judgment against one "individually and as member of" partnership not judgment against partnership.

Under Code 1907, § 2506, a judgment against a partner "individually and as a partner of the firm of," etc., is not a judgment against a partnership.

2. Partnership ⬥⬥219(1)—Clerk's error in inserting partnership name in caption of judgment against partner does not make partnership liable.

The clerk's error in inserting in the caption of a judgment rendered against a partner the name also of the partnership does not make it a party to the judgment.

3. Appeal and error ⬥⬥1036(5) — No errors prejudicial to appellant partner are presented where pending appeal partnership has been eliminated as a party to a judgment below.

Where a judgment against a party sued "individually and as a partner of the firm, etc.," is entered against the individual and the partnership both, and later, on the court's own motion, corrected nunc pro tunc by eliminating the partnership, and thereafter sent to the Supreme Court in response to a writ of certiorari, held that no error is presented of which the appellant can complain.

4. Appeal and error ⬥⬥440 — Court retains power to correct clerical mistake in record after term.

A judgment erroneously entered against an individual and a partnership is properly before the appellate court, though pending appeal it has been corrected by the lower court by eliminating an improper party thereto. since a court of record retains the power to correct clerical mistakes, its records, judgments, decrees, and orders, as well after the term as while it lasts.

5. Appeal and error ⬥⬥501(5) — Amendment of judgment nunc pro tunc pending appeal not reviewable, in absence of bill of exceptions showing exception thereto.

Court's action in amending a judgment nunc pro tunc pending appeal is not reviewable, in the absence of a bill of exception showing that exception was reserved to such action.

On Rehearing.

6. Appeal and error ⬥⬥351(2)—Appeal taken when claimed and security given and approved.

An appeal is perfected under Acts of 1915, p. 711, when claimed and bond given and approved, irrespective of the fact that appellant did not execute same as an individual, but rather as a partnership erroneously made a party of the judgment below.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by Gussie Taylor against A. D. Cohen, individually and as a partner of the firm of Ory-Cohen, for damages for the breach of a contract. From a judgment for plaintiff, defendant partnership appeals. Affirmed.

Transferred from Court of Appeals under Acts 1911, p. 450, § 6.

Tennis Tidwell, of Albany, for appellant.

The action being against Cohen individually and as a member of the partnership, the judgment against the partnership was erroneous, and must be reversed for this reason; and since it must be reversed as to the partnership it must also be reversed as to all other defendants. Elliott App. Prac. § 574; 73 South. 436; 152 N. Y. 498, 46 N. E. 961; 205 Ill. 77, 68 N. E. 716. When the supersedeas bond was executed by the partnership, the judgment against it was suspended, and the whole case was removed from the jurisdiction of the trial court, and' the attempted order amending the judgment nunc pro tunc was absolutely void. 203 Ala. 205, 82 South. 455; 131 Ala. 663, 29 South. 191; 198 Ala. 573, 73 South. 925.

Callahan & Harris, of Decatur, for appellee.

During the pendency of the appeal, the judgment may be amended nunc pro tunc by the trial court. 25 Ala. 648; 81 Ala. 253, 2 South. 97; 34 Ala. 115; 84 Ala. 37, 4 South. 284. The recital of the clerk at the head of a judgment entry is merely for the purpose of identification, and if he makes a mistake in the name of one of the parties it is a mere clerical misprision, which is amended by other parts of the record. 6 Ala. 845; 25 Ala. 564.

THOMAS, J. [1] The suit was against an individual and as member of a partnership. There is no bill of exceptions. Diminution of the record being suggested in the Court of Appeals, the judgment corrected nunc pro tunc in the trial court and sent to this court in response to writ of certiorari discloses that the judgment was against A. D. Cohen only, "individually and as a partner of the firm of Ory-Cohen, composed of S. E. Ory

---

⬥⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and A. D. Cohen, defendant, September 29, 1921." This was not a judgment against the partnership of Ory-Cohen. Code, § 2506; Wahouma Drug Co. v. Clay, 193 Ala. 79, 69 South. 82. Nor was that partnership made a party defendant to the suit so far as the return to writ of certiorari discloses.

[2] Aside from the amendment of the judgment nunc pro tunc, the record discloses that the partnership of Ory-Cohen was not a party defendant to the suit—the summons and complaint made as "defendant" A. D. Cohen individually and as surviving partner of the firm of Ory-Cohen, formerly a partnership composed of N. E. Ory and A. D. Cohen. The amendment to the complaint strikes out the word "surviving" so that the suit proceeded against the "defendant individually and as partner of the firm of Ory-Cohen, composed of S. E. Ory and A. D. Cohen." Defendant's pleas were styled "Gussie Taylor, Plaintiff, v. A. D. Cohen, individually and as surviving partner, etc., Defendant. The defendant, for answer to the plaintiff's complaint, and each count thereof, says," etc. The error of the clerk in inserting in the caption of the judgment of date September 29, 1921, "Gussie Taylor v. A. D. Cohen, individually, and Ory-Cohen, a partnership," did not make the partnership a party to the suit and a defendant in judgment.

[3] In Patterson v. Burnett, 6 Ala. 844, the observation is contained that the recital of the clerk at the head of the judgment entry is merely for the purpose of identifying the cause to which the judgment relates, and if he makes a mistake in the name of one of the parties, it is merely a clerical misprision, which is amended, or may be, by other parts of the record. Smith v. Redus, 9 Ala. 99, 101, 44 Am. Dec. 429; Kennedy v. Young, 25 Ala. 563; Lamkin v. Dudley, 34 Ala. 116; Floyd v. Lamar, 13 Ala. App. 504, 69 South. 227. In Clinton Mining Co. v. Bradford, 200 Ala. 308, 312. 76 South. 74, 78. it was declared that, "We are not without decisions to the effect that such clerical errors * * * may be corrected by the context"—as a judgment has been referred to the complaint (Kyle v. Caravello, 103 Ala. 150, 15 South. 527), and the caption of a judgment entry to have corrected another part of the record. Smith v. Branch Bank, 5 Ala. 26.

[4] The correction by the lower court of its own judgment on motion nunc pro tunc makes it a liability only against A. D. Cohen, and dates back to the rendition of the original judgment, and presents in this court no reversible error of which appellant may complain. The judgment as amended nunc pro tunc is properly before this court. Cunningham v. Fontaine, 25 Ala. 644, 648; City of Huntsville v. Goodenrath, 13 Ala. App. 579, 584, 68 South. 676; Ware v. Brewer, 34 Ala. 114; Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 South. 45; Ex parte Henderson, 84 Ala. 36, 4 South. 284. In 10

A. L. R. 526, 527, are all the authorities, state and federal, collected to support the text that, in a vast number of pertinent cases it has been held or recognized that every court of record has control over its own judgments, records, decrees, and orders, and power as well after a term has ended as while it lasts to correct apparent or proved clerical mistakes and misprisions in them, and to cause them to speak the truth. This is the rule in this state, beginning with the case of Wilkerson v. Goldthwaite (1831) 1 Stew. & Port. 159, to A. G. Story Mercantile Co. v. McClellan (1906) 145 Ala. 629, 40 South. 123; Huntsville v. Gudenrath (1915) 194 Ala. 568, 69 South. 629.

[5] Neither will the court review the action of trial court in amending the judgment nunc pro tunc in the absence of a bill of exceptions showing that exception was reserved to such action. Turk v. Smith & Co., 2 Port. 155; Leinkauff v. Tuskaloosa, etc., Co., 105 Ala. 328, 16 South. 891; Basenberg v. Lawrence, 160 Ala. 422, 49 South. 771.

As stated, the judgment against A. D. Cohen as amended nunc pro tunc was not against the partnership of Ory-Cohen, and is affirmed as against A. D. Cohen. However, when the appeal was taken by the partnership the same was so entered by the clerk, and as corrected by the motion nunc pro tunc the partnership was eliminated, and as corrected is affirmed. The costs of the appeal will be equally borne by the appellant, A. D. Cohen, and appellee, Gussie Taylor.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

On Rehearing.

THOMAS, J. [6] The appeal is taken when claimed, and security for costs filed with the proper officer (Kimbrell v. Rogers, 90 Ala. 339, 343, 7 South. 241; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363; Moore v. Spier, 80 Ala. 129, 133), without regard to issue of citation. Acts 1915, p. 711. The "giving of the security for the costs of the appeal to be approved by the clerk or register of court" when approved, as the bond in the instant appeal was, on "March 4, 1921, by J. L. Draper, Clerk," perfected the appeal as to A. D. Cohen pursuant to the terms of that bond, irrespective of the fact that said Cohen failed to execute the same as an individual, and only affixed thereto the name of the partnership Ory-Cohen. 2 R. C. L. § 90, p. 114. As stated, the only condition precedent "to the taking of an appeal" was "the filing with the clerk within the time required by law, a sufficient undertaking to secure costs." Where this was done, the right was fully perfected within

the time and manner provided by statute. Kimbrell v. Rogers, supra; Acts 1915, p. 711. The rehearing is denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.