189 So. 71

**Ex parte WHITT.**

**6 Div. 472.**

Supreme Court of Alabama.

May 18, 1939.

Norman Gunn, of Jasper, for petitioner.

Monette, Taylor & Jeffrey, of Birmingham, for respondent.

GARDNER, Justice.

Petitioner was complainant in an equity suit against Taylor Wheeler Grocery Company, a corporation, seeking in her bill relief as to certain described real estate, details of which are here unnecessary to relate. She was met by a plea in abatement to the effect that defendant was not a corporation. Thereupon complainant sought to amend her bill, first, by changing the caption to read "Edith Tittle Whitt versus W. M. Wilson and W. A. Brown, a partnership doing business as Taylor Wheeler Grocery Company," and, second, by amending the first paragraph of the bill by striking out the words "that respondent is a corporation," and inserting in lieu thereof "that respondent is a partnership composed of W. M. Wilson and W. A. Brown doing business as Taylor Wheeler Grocery Company." The prayer of the bill was amended by striking out the words "Taylor Wheeler Grocery Company, a corporation," and inserting in lieu thereof the words, "W. M. Wilson and W. A. Brown, a partnership doing business as Taylor Wheeler Grocery Company."

Defendant's motion to strike this amendment on the ground that it worked an entire change of parties, was sustained by the chancellor, and complainant seeks by this petition for mandamus to review this ruling.

That the ruling is properly tested in this manner is not here controverted. Ex parte Nicrosi, 103 Ala. 104, 15 So. 507; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Thomas v. Winter Const. Co., 23 Ala.App. 550, 129 So. 293.

The amendment indicates that in its preparation the difference as to a suit against a partnership, as such, and the members of the firm, was not kept clearly in mind. Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; Baldridge v. Eason, 99 Ala. 516, 13 So. 74. But the body of the amendment (here controlling, Lucas v. Pittman, 94 Ala. 616, 10 So. 603), in the first paragraph, is to the effect that the defendant is a partnership under the name of Taylor Wheeler Grocery Company, and the words of the caption and the general prayer, read in the light of this averment, are to be construed to like effect. So considered, the change of the amendment is from the Taylor Wheeler Grocery Company, a corporation, to the Taylor Wheeler Grocery Company, a partnership.

There is, therefore, no question as to the identity, but only as to the description, the entity—Taylor Wheeler Grocery Company—is the same; and the case of Ex parte Nicrosi, 103 Ala. 104, 15 So. 507, is in principle here directly in point, and the words stricken and those added are to be considered as descriptive only. Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871, 138 Am.St.Rep. 73. The more recent case of Ewart v. Cunningham, 219 Ala. 399, 122 So. 359, is to like effect.

Our statute as to the allowance of an amendment to a bill (section 6558, Michie's Code of 1928) is broad and liberal, "and its administration has been and must continue to be characterized by the same liberal spirit and beneficent purpose that inspired its adoption" (Ex parte Delpey, 188 Ala. 449, 66 So. 22, 23), and, as illustrative, we have uniformly held that where one is sued in his individual capacity, the complaint may be amended so as to make the suit against him in his representative capacity. The identity is the same. Ferrell v. Ross, 200 Ala. 90, 75 So. 466; Lucas v. Pittman, supra.

The chancellor in striking the amendment accompanied his order with an opinion in which many of our pertinent authorities are cited, and in which he expresses some doubt as to the correctness of the conclusion reached, in view of what he considers some conflict in our authorities. But we differ in his conclusion that the amendment does not make the partnership a party defendant. We have stated our conviction that it does.

In the case of Compton v. Smith, 120 Ala. 233, 25 So. 300, and in Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525, cited by the chancellor, the suit was against the individual partners. But such is not here the case.

As we construe the amended bill, the partnership is the party defendant, and reference to the individuals composing it by way of description only as the amendment of paragraph one so clearly indicates. As thus construed, it is clear enough that under the authorities noted above the amendment was allowable.

Let the writ issue as prayed.

Mandamus awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.