38 So.2d 494

### EATMAN et al. v. NUCKOLS.

6 Div. 824.

Supreme Court of Alabama.

Jan. 20, 1949.

J. Reese Phifer and Thos. W. Christopher, of Tuscaloosa, for appellee.

Gordon Davis and Rufus Bealle, both of Tuscaloosa, for appellants.

546

STAKELY, Justice.

On July 20, 1948, a decree was entered overruling the demurrer to the bill of complaint as last amended. This appeal was taken on August 18, 1948. As shown by the certificate of appeal, this appeal was taken from the decree of July 20, 1948. The scope of this appeal is accordingly limited to the decree of the court on July 20, 1948, overruling the demurrer to the bill as last amended. We make this statement because there appears to be an idea that on this appeal we can not only review rulings on demurrer to the bill previously made in the course of the pleading but also a ruling on a motion to strike. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75; § 755, Title 7, Code of 1940.

I. The original bill was filed on July 3, 1947, by Mrs. Essie L. Nuckols, doing business under the trade name of Nuckols Plumbing & Heating Co., to establish a lien on certain real estate in the City of Tuscaloosa, Alabama, for work and labor done and materials furnished in connection with certain improvements on the premises. The claim was alleged to be $1119.39 and it was averred to have become due and payable May 9, 1947. The original bill shows that notice of the lien, a copy of which was attached to and made a part of the bill, was filed in the Probate Court on to wit July 3, 1947. Mrs. Viola M. Eatman, one of the respondents to the bill, was alleged to own one parcel of the real estate, while Mrs. Viola M. Eatman and W. F. Calhoun, the other respondent, were alleged to own the other parcel of the real estate.

On January 26, 1948, the bill was amended by filing a bill containing the same allegations as the original bill except that the amount of the claim was alleged to be $1369.30, the notice of the claim was averred to have been filed in the Probate Court on to wit May 31, 1947, and the claim was alleged to have arisen from a contract made between complainant and Mrs. Viola M. Eatman.

On February 17, 1948, the bill of complaint was amended by filing a "Substituted Bill of Complaint." This substituted bill alleges the claim to be $1369.30 which became payable May 9, 1947, and shows that notice of the lien was recorded in the probate court on to wit May 31, 1947. The substituted bill contains additional allegations with reference to performance of the contract by complainant and acceptance thereof by Mrs. Viola M. Eatman which do not appear to be necessary to be more fully set forth in order to discuss the questions presented on this appeal.

On June 16, 1948, the substituted bill of complaint was amended by changing the prayer of the bill. This is the bill of complaint as last amended, the allegations of which are under attack on this appeal.

It is argued that the substituted bill which was filed on February 17, 1948, constitutes in effect a new bill and as such speaks from the time it was filed and not from the time of the original bill. This is not correct. This court has repeatedly stated that the amendment statutes, Now Equity Rule 28, Code 1940, Tit. 7 Appendix, shall be given a broad and liberal interpretation in order to advance their beneficent purpose. McGowin v. McGowin, 232 Ala. 601, 169 So. 232; Ex parte Whitt, 238 Ala. 33, 189 So. 71. The mere fact that the amendment is called a substituted bill does not make it a new bill. Rather we look to its substance to see if its purpose is essentially inconsistent with or repugnant to the purposes of the original bill. McGowin v. McGowin, supra. There is no inconsistency or repugnancy unless there is a complete change in parties or a complete change in the cause of action. Ex parte Whitt, supra; Alabama Terminal & Improvement Co. et al. v. Hall & Farley, 152 Ala. 262, 44 So. 592.

It is contended that different liens are contemplated in the original and sub-

stituted bill because in the former notice of the lien was recorded on July 3, 1947, while in the latter notice of the lien was recorded on May 31, 1947. But this does not constitute different liens. Two papers were filed, but they both give notice of the same lien. They relate to the same subject matter, the same property, the same persons, the same contract and the same work and labor done and materials furnished. The primary purpose of the suit has not been changed. Nor does the fact that the notices claim different amounts change the subject matter of the action or the kind of relief prayed. Farmer v. Hill, 243 Ala. 543, 11 So.2d 160; Rudulph v. Burgin, 219 Ala. 461, 122 So. 432; Moore's Adm'r v. Alvis, 54 Ala. 356; Collins v. Stix, 96 Ala. 338, 340, 11 So. 380.

Since the substituted bill filed February 17, 1948, was a proper amendment to the original bill, it related back and became the original bill as fully as if it had been originally filed. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 122 So. 178. This refutes the insistence that the claim set up in the substituted bill is barred by the statute of limitations, § 42, Title 33, Code of 1940, because the original bill was filed within six months after the maturity of the indebtedness on May 9, 1947. King v. Avery, 37 Ala. 169; Adams v. Phillips, Ex'r, 75 Ala. 461; College Court Realty Co. v. J. C. Letcher Lmbr. Co., 201 Ala. 361, 78 So. 217; Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660.

The two parcels of land are described in the bill as being on Broad Street in the City of Tuscaloosa, Alabama, one parcel being the west 80 feet of lots 92 and 93 and the other parcel being the east 80 feet of lots 94 and 95, all lots being in the same plat. In the absence of demurrer raising the point, we consider that the land is described in the bill as being in at least two adjacent parcels within the meaning of § 45, Title 33, Code of 1940. The lien is sought for work and labor done and materials furnished for the construction or improvement of apartment houses located on the land. It is objected that there is no showing as to what work and labor were done and materials furnished for each particular parcel of land. This was not necessary. Tallapoosa Lumber Co. v. Copeland, 223 Ala. 41, 134 So. 658, 75 A.L.R. 1325; Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492; § 45, Title 33, Code of 1940.

It is true that no lien can be established on the interest of W. F. Calhoun on one of the parcels because he was neither a party to the contract nor is there any allegation that he was given prior notice that the work would be done or the materials furnished to which he failed to object. Buettner Bros. v. Good Hope Missionary Baptist Church, supra. But as there was no severance in the assignments of error and the assignments were joint, Maya Corporation v. Smith, 240 Ala. 371, 199 So. 549, the court will not be reversed for overruling the demurrer, which was also joint. Cleveland et al. v. Alba, 155 Ala. 468, 46 So. 757.

Affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.