51 So.2d 27

**BOMAN v. BELYEU.**

**7 Div. 97.**

Supreme Court of Alabama.

Feb. 1, 1951.

Rehearing Denied March 15, 1951.

See also 252 Ala. 371, 41 So.2d 290.

282

Roy D. McCord and Rowan S. Bone, of Gadsden, for appellant.

Geo. D. Motley, Sr., of Gadsden, for appellee.

FOSTER, Justice.

This is an appeal from an order or judgment of the circuit court on a petition by appellant praying that the court direct the sheriff as to the service of an execution issued against him and as to what properties and against which defendant or defendants said execution may be levied.

The petition alleged that on February 25, 1946, a judgment was rendered, and that it was a judgment against Boman's Garage and not against appellant individually. That plaintiff in that judgment contends it is a personal judgment against appellant and has had an execution issued, which is in the hands of the sheriff. That the execution is against appellant personally, and that plaintiff is demanding that the sheriff levy on appellant's property. Appellant alleges in the petition that it is necessary to give direction to the sheriff as to its levy.

The petition was heard on October 12, 1950, and a judgment rendered "that the judgment in this cause is a personal judgment against defendant Mark Boman and the court further orders that the sheriff of this county be and he is hereby directed to serve execution and levy on same against the personal property of said defendant Mark Boman." Counsel call this a proceeding for a declaratory judgment. It is immaterial what it is called. The court has the inherent power to give direction to the sheriff as to process issued out of that court. Ex parte Cross, 247 Ala. 85, 22 So.2d 378

(12); Belyeu v. Boman, 252 Ala. 371, 41 So. 2d 290,—as well as statutory power. Section 128, Title 13, Code; Baldridge v. Eason, 99 Ala. 516, 13 So. 74.

The power is usually exercised by a motion to quash the execution when it does not conform to the judgment. Harrison v. Hamner, 99 Ala. 603, 12 So. 917; Rhodes v. Smith, 66 Ala. 174; 23 Corpus Juris 535, sections 414 and 415. 33 C.J.S., Executions, § 143, page 325.

We think the question sought to be raised is properly presented. That is, whether the execution issued against the property of this appellant individually is supported by the judgment.

The original suit was commenced by a summons and complaint against "Personal Finance Company and Boman's Garage," on July 24, 1939. It was returned executed by leaving a copy with "Joe R. Ruffin, Mgr. Personal Finance Company, defendant, and J. A. Allen, Mgr. Boman's Garage, defendant." Mark F. Boman filed a plea in abatement under oath, alleging that he is the sole owner of Boman's Garage; that it is not a partnership, corporation or association, but is his individual trade name, and that the law does not authorize a suit against a trade name. Joe R. Ruffin filed a similar plea as to Personal Finance Company. Thereupon plaintiff amended the summons and complaint "so as to show that suit is brought against Joe R. Ruffin doing business as the Personal Finance Company and Mark Boman doing business as and under the name of Boman's Garage." An alias summons and complaint was issued. The summons was to "Mark Boman doing business as Boman's Garage." The caption of the complaint named as defendants "Joe R. Ruffin, doing business as Personal Finance Company, and Mark Boman doing business as Boman's Garage." The alias summons and complaint was returned executed on the 13th day of June, 1940, "by leaving a copy of the within summons and complaint with Mark Boman d/b/a Boman's Garage defendant by leaving a copy with Mark Boman."

The plea in abatement of the Personal Finance Company was in the same form

refiled. In the record as of October 30, 1940, appears an agreement to plead in short by consent. It is not signed. On November 12, 1940, appears an amendment to the complaint by adding as a party defendant "S. B. Ingram and Personal Finance Co. and S. B. Ingram doing business in the name of Personal Finance Co." On February 25, 1946, a judgment nil dicit was rendered "against the defendant" for $986 and costs. That judgment has been not been set aside or modified. The question is whether that judgment is against Mark Boman personally so as to support an execution against his property and effects.

In such a proceeding as this no inquiry can be made as to the propriety and regularity of the judgment, if it is not void on the face of the proceedings. No contention is here made that it is void on its face. There is no inquiry here made as to its effect on Ruffin or Ingram or the Personal Finance Company.

We revert to the question of whether or not the judgment supports an execution against Mark Boman personally. From the foregoing statement of what the record shows, it will be noticed that the judgment is against the defendant, in the singular. There is no further description of the party or parties against whom it is rendered so far as the judgment recites: The record does not show the caption of the judgment.

In the case of Adams v. Bibby, 194 Ala. 652, 69 So. 588, the rule is stated to be that "it is essential to a valid judgment that it should designate the parties for and against whom it is given, yet when in the body of the judgment it is in favor of the plaintiff or plaintiffs and against the defendant or defendants in general terms, the parties in whose favor and against whom, respectively, it is rendered, are to be ascertained, not alone by looking to the memorandum at the head entry, but also to the pleadings and the process, with the return thereon, which indicate who are before the court as plaintiffs and defendants and in what capacities, respectively, they are parties." This principle seems to be fully settled. Griffin v. Proctor, 244 Ala. 537(13), 14 So.

2d 116; Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341.

In the case of Bolling v. Speller, 96 Ala. 269, 11 So. 300, it is made clear that where a person is described as a member of a certain named partnership and a summons and complaint shows a service upon him individually and the body of the judgment is against the defendants, without setting out their names, the persons who are defendants and the capacities in which they are sued are to be ascertained by the pleadings and process in the case and the return indorsed thereon. The judgment was held to be against this person individually.

The singular includes the plural, and the plural includes the singular. Section 1, Title 1, Code. They are thereby made interchangeable. Harris v. Walker, 199 Ala. 51, 74 So. 40.

According to that interpretation of the law, it seems very clear that the judgment in the form in which it was rendered in this case is against Mark Boman individually. The alias summons and complaint as amended was directed to him doing business as Boman's Garage, and the return of the sheriff was that it was executed upon him both as thus doing business and personally. The addition of the words "doing business as Boman's Garage" does not serve to create a different effect, nor to be a judgment against "Boman's Garage" in that name. Compton v. Smith, 120 Ala. 233, 25 So. 300. Compare, Ex parte Whitt, 238 Ala. 33, 189 So. 171; Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; Baldridge v. Eason, 99 Ala. 516, 13 So. 74.

This does not mean that a suit at law may not be so prosecuted so as to include a so-called partnership in name, though only one person is thus conducting his business. To that extent, it is in the nature of a proceeding in rem. Birmingham Loan and Auction Co. v. First National Bank, 100 Ala. 249, 13 So. 945; LeGrand v. Eufaula National Bank, 81 Ala. 123, 1 So. 460.

We think therefore the court interpreted the situation correctly in declaring that the judgment is a personal judgment against the

defendant Mark Boman and in ordering the sheriff to enforce the execution against him personally.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.