## YAZOO & M. V. R. CO. v. WAGNER.[1]

(Circuit Court of Appeals, Fifth Circuit. April 12, 1898.)

No. 601.

1. TRIAL—INSUFFICIENT PLEADINGS—CURED BY EVIDENCE.

After the court has been called upon to hear and pass upon testimony, it will adjudicate on the facts shown, though not strictly within the pleadings, as it is well settled in Louisiana that parties are bound by the evidence introduced by them on a material point, though not strictly presented by the pleadings.

2. WITNESSES—REBUTTAL—TESTIFYING TO NEW MATTER.

It being customary to allow considerable latitude in the manner in which witnesses shall be called for examination, a judgment will not be reversed merely because a witness, in rebuttal, after the close of defendant's case, was allowed to testify to new matters.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action brought in the circuit court for the Eastern district of Louisiana by John Wagner, a subject of the emperor of Germany, against the Illinois Central Railroad Company, a corporation created by the state of Illinois, to recover damages for personal injuries sustained by him in being kicked off a freight train by an employé of said company on the night of the 26th of February, 1896, in the suburbs of the city of New Orleans. After answer filed by said company, defendant in error filed a supplemental petition making the Yazoo & Mississippi Valley Railroad Company, a corporation of the state of Mississippi, a party, and alleging that the Illinois Central Railroad Company is liable in solido with the Yazoo & Mississippi Valley Railroad Company, because the Yazoo & Mississippi Valley Railroad Company was owned and operated by the Illinois Central Railroad Company. The Mississippi Company appeared and filed answer, and denied generally the allegations in the petition, and alleged that the plaintiff's injuries were due to his own negligence, and occurred by falling off defendant's train while unlawfully attempting to steal a ride thereon. No answer was filed by the Illinois Central Railroad Com-

[1] Rehearing denied May 18, 1898.

pany to the supplemental petition. All the parties went to trial upon the issues, as thus made, and there was a verdict for the defendant in error, in the sum of $1,000, against the Yazoo & Mississippi Valley Railroad Company, and a verdict in favor of the Illinois Central Railroad Company, on November 19, 1896. This verdict was, on motion, duly set aside by the court, and a new trial awarded to the Yazoo & Mississippi Valley Railroad Company, the plaintiff in error, and a final judgment entered and signed in favor of the Illinois Central Railroad Company. At a subsequent trial, verdict was rendered against the Yazoo & Mississippi Valley Railroad Company in the sum of $5,500 on February 4, 1897. Upon this verdict the court entered judgment, which was made final on March 29, 1897, whereupon the plaintiff in error filed its petition for writ of error, to operate as a supersedeas, its assignments of error, and its bond, and removed the cause into this court. Assignment of errors: First. "The circuit court erred in refusing to instruct the jury at the trial, as a matter of law, to wit: 'That the petition and supplemental petition do not state upon their face any legal cause of action, or any right to recover, as against the Yazoo & Mississippi Valley Railroad Company,—it not being alleged either in the petition or in the supplemental petition that any employé or servant of the Yazoo & Mississippi Valley Railroad Company kicked or shoved the plaintiff, or forced him to alight, from any train of said company while said train was in motion, or that his injuries were in any wise caused by any of the servants or employés of said Yazoo & Mississippi Valley Railroad Company,—and that the jury should therefore find a verdict for the defendant the Yazoo & Mississippi Valley Railroad Company.'" (Bill of exceptions No. 1.) Second. "That there is error patent on the face of the record, in that the petition and supplemental petition do not set forth any legal cause of action against the Yazoo & Mississippi Valley Railroad Company, and the face of the record does not justify any verdict or judgment as against the Yazoo & Mississippi Valley Railroad Company." Third. "The said circuit court erred in allowing the plaintiff, at the trial, to impeach the testimony of Lindsay Banks, a witness recalled by the plaintiff as a witness in rebuttal after the close of the defendant's evidence, and which witness was then and there examined before the jury as to new matters and things by plaintiff's counsel, which said new matters and things in rebuttal had not been elicited or in any wise inquired into by defendant's counsel when said Lindsay Banks was examined by defendant's counsel before the jury as defendant's witness; and the court erred then and there in allowing the witness Charles Delaney, also a witness for the plaintiff in rebuttal, to give testimony, over the objection of defendant's counsel, tending to impeach the witness Lindsay Banks as to new matters and things testified to by Lindsay Banks in rebuttal when recalled by plaintiff." (Bill of exceptions No. 3.) Fourth. "The said court erred in refusing to instruct the jury, at the close of all of the evidence, to peremptorily find a verdict for the defendant, upon the ground that the plaintiff's evidence was too slight to justify a verdict in his favor, and that, if such verdict was rendered, it would be the duty of the court to set it aside, upon the authority of Randall v. Railroad Co., 109 U. S. 482, 3 Sup. Ct. 322." (Bill of Exceptions No. 2.)

Girault Farrar, for plaintiff in error.

W. S. Parkerson and A. B. Phillips, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge, after stating the facts as above, delivered the opinion of the court.

We think the question of law raised by the first and second assignments of error is well settled in Louisiana,—that parties are bound by the evidence introduced by them on a material point, although not strictly presented by the pleadings, and that, after establishing the facts at a trial, they cannot be permitted to close to their adversary the door which they themselves have opened; and the court, after hav-

ing been made to hear and pass upon testimony introduced by the respective parties either under the allegations which are actually made, or which might have been conducive to the final determination of the object of the controversy, should adjudicate on these facts as fully as if received under specific averments. A judgment rendered under such circumstances becomes a conclusive bar to a reinvestigation of the matter. It has grown customary to allow considerable latitude at the trial, from the ordinary and strict rulings of evidence, in the manner and the time at which witnesses should be called for examination and cross-examination; and the circumstances of each case should, to a large extent, regulate the ruling of the judge in the exercise of his discretion in the matter. We sympathize very strongly with the plaintiff in error in the comments made upon the testimony in reference to the other question raised by the fourth assignment of error, but, upon inspection of the record, we believe that the court below was not only justified, but compelled, to submit the testimony to the jury, although some of it seems to us of a very doubtful character. Upon careful inspection of all the record, we do not find the errors assigned to be sustained. The judgment rendered herein is therefore affirmed.

PARDEE, Circuit Judge, dissents.