# Cook *v.* Standard Oil Co.

### Damages for Automobile Accident.

(Decided December 19, 1916.   73 South. 763.)

1. **Negligence; Contributory; Pleading.**—To be available as a defense, and to withstand proper demurrer, a plea of contributory negligence must state the facts constituting the negligence, and the facts must be such that the conclusion of negligence follows as a matter of law.

2. **Highways; Collision; Contributory Negligence.**—Where the action is for damages for a collision on a highway between an auto and a mule driven vehicle, pleas that plaintiff was driving his automobile at such a high, reckless and dangerous speed as in itself to amount to negligence, that if plaintiff had been driving at a safe rate of speed, he could have avoided the injury because defendant's wagon was in view, and that at the point of collision there was enough space between defendant's wagon and the side of the road to plaintiff's right to pass safely, and that had plaintiff used due care, he would have passed defendant's wagon without touching it, present conclusions of the pleader, and are subject to demurrer.

3. **Highways; Use; Presumption.**—An automobile driver on the highway seeing a team on the left hand side of the road, has the right to assume that the driver will rein his team to the right hand side so as to permit him to pass, until it becomes obvious that the driver is making no effort to do so, or that the danger of a collision is imminent.

4. **Same; Collision; Contributory Negligence.**—The plea alleging that plaintiff could have seen defendant's wagon in time to have stopped or have avoided the injury, and that on discovering a vehicle on the left side of the road, it was plaintiff's duty to use due care to avoid striking it, if not driven from that side of the road, is defective in not alleging that after it was obvious that the driver would not cross the road, and that danger of collision was imminent, plaintiff continued to drive his automobile toward the vehicle.

5. **Appeal and Error; Harmless Error.**—Where demurrer to the pleas of contributory negligence was improperly overruled, and the only valid plea was the general issue, and there was evidence tending to show that defendant was negligent, the error in overruling the demurrer to the plea of contributory negligence could not be said to be without injury.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by J. H. Cook against the Standard Oil Company for damages for a collision.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

The complaint alleges that while plaintiff, driving an auto, was approaching the city of Montgomery, a mule-drawn vehicle of defendant containing oil tanks was approaching from the city

[Cook v. Standard Oil Co.]

of Montgomery, and that, while there was ample room for the two vehicles to pass without a collision if both kept to the right, and while plaintiff was keeping as far to the right as was possible, the servant of defendant in charge of his vehicle negligently failed to keep to the right, and as a result the two vehicles collided, to the damage of plaintiff's automobile. Defendant filed certain pleas as follows:

(3) Contributory negligence in that plaintiff was driving said automobile at such a high, reckless, and dangerous rate of speed as to in itself amount to negligence; that from the direction in which plaintiff was coming the wagon of defendant was in view for such a distance that, had plaintiff been driving at a safe rate of speed, the alleged injury would have been avoided.

(4) Contributory negligence in this: That at the point of the alleged collision there was a sufficient space between the wagon of defendant and that side of the road which was to the right of plaintiff for plaintiff's automobile to have passed safely, and that, had plaintiff used due care in driving his said automobile, he would have passed the wagon of defendant without touching it.

(A) That it was the duty of plaintiff to use due care to discover teams or vehicles which might be driven along the road at the time and place of the alleged injury; that upon discovering the vehicle on the side of the road on which plaintiff was driving his automobile it thereupon became the duty of plaintiff to use due care to avoid colliding with said vehicle in the event said vehicle was not driven from said side of the road. Defendant says that at the point where the alleged injury is said to have been inflicted the road was straight for such a distance that, if plaintiff had used due care, he would have discovered that the wagon of defendant was in such a position that, if it was not driven out of such position, and if plaintiff continued to drive his automobile in the direction in which he was driving it, a collision between said wagon and said automobile could not be avoided; that plaintiff, after he was in a position to see that there was danger of a collision with the wagon of defendant, failed to use due care to avoid such collision, in that he continued to drive his automobile without changing its course, in spite of the fact as above set out that he had ample opportunity to see the position of defendant's wagon, and to know the consequences of his continuing to drive said automobile in said direc-

tion. The defendant says that in so failing to use due care to avoid such collision after he was in a position to know the danger of a collision plaintiff was guilty of contributory negligence which proximately contributed to the injuries sued for.

ED S. WATTS, for appellant. BLAKEY & STRASSBURGER, and W. F. THETFORD, JR., for appellee.

BROWN, J.—Appellee's insistence that the ruling of the court on the demurrer to the special plea, if error intervened, must be pronounced error without injury, is founded on the assumption that the evidence shows without dispute that the plaintiff was guilty of negligence which proximately contributed to the injury complained of, and does not take into account the doctrine often announced that "contributory negligence is a special affirmative defense, and must be specially pleaded with particularity, and no other acts than those specially pleaded can be proved on trial, and, if proved, cannot be made the predicate for a verdict."—*Blalock v. Blacksher*, 11 Ala. App. 545, 66 South. 863; *South. Ry. Co. v. Shelton*, 136 Ala. 191, 34 South. 194; *Mobile Electric Co. v. Sanges*, 169 Ala. 356, 53 South. 176, Ann. Cas. 1912B, 461.

(1) A plea of contributory negligence, to withstand demurrer, must state the facts constituting the negligence, and the facts must be such as that the conclusion of negligence follows as a matter of law.—*Johnson v. L. & N. R. R. Co.*, 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; *Tenn. C., I. & R. R. Co. v. Herndon*, 100 Ala. 451, 14 South. 287; *Johnson v. B. R., L. & P. Co.*, 149 Ala. 529, 43 South. 33; *B. R., L. & P. Co. v. Barrett*, 179 Ala. 279, 60 South. 262.

(2) It takes no argument to show that the defendant's pleas numbered 3 and 4 do not meet these requirements, and that they are guilty of stating the mere conclusions of the pleader.—*L. & N. R. R. Co. v. Calvert*, 170 Ala. 565, 54 South. 184; *B. R., L. & P. Co. v. Saxon*, 179 Ala. 136, 59 South. 584; *Southern Cotton Oil Co. v. Walker*, 164 Ala. 33, 51 South. 169.

(3, 4) The plaintiff had the right to assume that the driver of the wagon would rein his team to the right-hand side of the road, so as to permit the plaintiff's vehicle to pass, until it became obvious that the driver was making no effort to do so or the danger of a collision was imminent.—*B. R., L. & P. Co. v.*

[Frazier v. The State.]

*Williams,* 158 Ala. 389, 48 South. 93.   The defendant's plea A
is lacking in averment showing that after it was obvious that
the driver of the defendant's wagon was making no effort to
rein his team to the right-hand side of the road or after the
danger of a collision was imminent, the plaintiff nevertheless
continued to propel his car ahead, and thereby proximately con-
tributed to the injury.   The demurrer takes this point, and should
have been sustained.

(5) The only plea in the case not subject to the demurrer
was the general issue, and as there was evidence tending to
show that the driver of the team was guilty of negligence, we
cannot pronounce the ruling on the demurrer to the special plea
of contributory negligence error without injury.

For the error pointed out, the judgment is reversed, and the
cause remanded.

Reversed and remanded.